IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–03559–KMT

BRYAN SEALE,

    Plaintiff,

v.

GARY PEACOCK,
JOHN DOE and/or JANE DOE, whose true name(s) are unknown,

    Defendants.

## ORDER

This matter is before the court on "Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 23 [Mot.], filed January 13, 2020), to which Plaintiff responded in opposition (Doc. No. 24 [Resp.], filed January 27, 2020) and Defendant replied (Doc. No. 25, filed January 27, 2020).

### STATEMENT OF THE CASE

Plaintiff filed his Complaint on November 6, 2019, in the District Court for El Paso County, Colorado. (Doc. No. 7 [Compl.].) Defendant Gary Peacock removed the case to this Court on December 16, 2019, asserting jurisdiction on the basis upon diversity pursuant to 28 U.S.C. § 1332. (Doc. No. 1.) On January 9, 2020, Plaintiff filed an Amended Complaint. (Doc. No. 19 [Am. Compl.].)

Both Plaintiff and Defendant Peacock are licensed real estate agents in the State of Colorado and were previously married. (Am. Compl., ¶¶ 5, 7, 10.) In November 2017, someone anonymously mailed at least 12 letters to various acquaintances of Plaintiff that included statements about his dating and sexual activity. (*Id.*, ¶ 12.) These letters also included explicit photographs of Plaintiff and copies of his profile from a public dating website and purportedly made references to Plaintiff's business. (*Id.*) Plaintiff refers to this communication as the "First Letter." (*Id.*)

Also in November 2017, someone mailed Plaintiff a letter stating that an "attorney will be getting a subpoena to [Plaintiff] to testify in [a] divorce case" and asking whether Plaintiff likes "breaking up families." (*Id.*, ¶ 14.) In December 2017, someone anonymously mailed at least three letters to various acquaintances of Plaintiff. (*Id.*, ¶ 13.) These letters contained information similar to the First Letter. (*Id.*.) Plaintiff refers to this communication as the "Second Letter." (*Id.*) After the mailing of these letters, four real estate agents left their employ with Plaintiff, and three clients stopped doing business with him. (*Id.*, ¶ 16.)

Plaintiff uses an electronic real estate contract platform called CTM Software ("CTM") which contains information on current and potential customers of Plaintiff's real estate business. (*Id.*, ¶ 8.) This software, among other things, allows customers to upload documents related to their real estate contracts. (*Id.*) In December 2018, someone accessed Plaintiff's CTM account twenty times without his permission. (*Id.*, ¶¶ 9–11.) Based on certain internet protocol addresses, Plaintiff believes the person who accessed his account was Defendant Peacock. (*Id.*)

Plaintiff asserts three claims against Defendant Peacock, including Statutory Civil Theft (*id.* at 5), Violation of 18 U.S.C. § 2701, Stored Communications Act (*id.* at 15), and Invasion of

2

Privacy by Appropriation of Name or Likeness (*id.* at 16). Defendant Peacock moves to dismiss the claims against him in their entirety for failure to state a claim upon which relief can be granted. (*See* Mot.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to

determine if they plausibly suggest an entitlement to relief." *Id*. at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 679.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments.  *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678.  Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citation omitted).

## ANALYSIS

### A.   *Civil Theft Claim*

To state a claim for civil theft, a plaintiff must allege the elements of criminal theft: that the defendant " 'knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception,' and acts intentionally or knowingly in ways that deprive the other person of the property permanently." *Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608 (quoting Colo. Rev. Stat. § 18–4–401(1)).  Thus, civil theft, like criminal theft, requires the specific intent of the defendant to permanently deprive the owner of the benefit of the property.  *Id.*

4

Defendant argues Plaintiff's civil theft claim fails because he has not plausibly alleged that Defendant's access of his CTM account permanently deprived Plaintiff of anything of value. Indeed, Plaintiff merely alleges that "a person without authorization to do so, logged on to his account" in December 2018 and that his account "was accessed via an IP address . . . which belongs to [Defendant] Peacock." (Am. Compl., ¶¶ 9, 11.) These allegations do not give rise to a claim for civil theft as a matter of law, as Plaintiff has failed to allege "a knowing use by the defendant inconsistent with the owner's *permanent* use and benefit." *Huffman*, 205 P.3d at 509 (emphasis added).

In his response, Plaintiff argues that "[r]easonable inferences based on [the] factual allegations [in the complaint] may include that Defendant wrongfully accessed Plaintiff's CTM account, thereby obtaining or exercising control over something of value belonging to Plaintiff[ and] that Defendant used said thing(s) of value intending that such would deprive Plaintiff permanently of its use." (Resp. at 5 [emphasis added].) However, Plaintiff has not plausibly alleged any facts to support an inference that Defendant Peacock intended to *permanently* deprive Plaintiff of his property. Furthermore, Plaintiff's Amended Complaint is devoid of any allegations of Defendant Peacock's intent. *See Scott v. Scott*, 428 P.3d 626, 633 (Colo. App. 2028), cert. denied, No. 18SC243, 2018 WL 5052214 (Colo. Oct. 15, 2018) (single conclusory statement about the defendant's mens rea in civil theft case insufficient to state a civil theft claim).

Plaintiff's civil theft claim is dismissed.

### B.     *Invasion of Privacy by Appropriation of Name or Likeness*

To prevail on a claim for invasion of privacy by name or likeness, Plaintiff must allege "(1) the defendant used the plaintiff's name or likeness; (2) the use of the plaintiff's name or likeness was for the defendant's own purposes or benefit, commercially or otherwise; (3) the plaintiff suffered damages; and (4) the defendant caused the damages incurred." *Joe Dickerson & Assocs., LLC v. Dittmar*, 34 P.3d 995, 997 (Colo. 2001).

Plaintiff alleges that Defendant Peacock's alleged access to Plaintiff's CTM account caused him "mental anguish and/or loss of clients." (Am. Compl., ¶ 127). Defendant Peacock argues this allegation is not a plausible allegation of damages because Plaintiff fails to identify a specific client he lost. (Mot. at 5.) In response, Plaintiff argues that in his Amended Complaint he alleges he lost three clients and a business relationship because of "the First Letter and/or Second Letter . . . and/or the wrongful accessing of Plaintiff's CTM account." (Resp. at 10.) However, Defendant Peacock is correct that any damages flowing from the mailing of the letters is irrelevant to this claim because, according to the allegations in the Amended Complaint, the alleged access of the CTM account occurred over a year after the letters were sent. (*Se*e Am. Compl., ¶¶ 8–14.)

Defendant Peacock also argues that Plaintiff has failed to allege how access to the CTM account caused mental anguish. (Mot. at 5.) The court agrees with Defendant Peacock that this is a "bare assertion" and a "[t]hreadbare recital[]" of an element of the claim, which is unsupported and does not suffice at the pleading stage. *Iqbal*, 556 U.S at 678.

Plaintiff's invasion of privacy by appropriation of name or likeness claim is dismissed.

6

### C.     *Stored Communications Act*

The Stored Communications Act ("SCA") prohibits anyone from "intentionally access[ing] without authorization," or "intentionally exceed[ing] an authorization to access," any "facility through which an electronic communication service is provided," and "thereby obtain[ing], alter[ing], or prevent[ing] authorized access to a wire or electronic communication while it is in electronic storage in such system." 18 U.S.C. § 2701(a).  The SCA provides a "court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000." 18 U.S.C. § 2707(c).

Plaintiff's Amended Complaint alleges he has "incurred damages by Mr. Peacock's violation of [the SCA] in an amount to be proven at trial." (Am. Compl., ¶ 122.) Defendant argues Plaintiff's SCA claim should be dismissed because Plaintiff does not plausibly allege damages from the access of Plaintiff's CTM account. (Mot. at 6 [citing *Twombly*, 550 U.S. at 570].) Again, in response, Plaintiff argues he has suffered actual damages for his SCA claim because "one or more of [his] losses was caused by the First Letter and/or the Second Letter . . . and/or the wrongful accessing of Plaintiff's CTM account." (Resp. at 6–7.) As set out above, however, any damages flowing from one of the two letters are irrelevant to the access of the CTM account on which the SCA claim is based. Moreover, the balance of Plaintiff's allegations are, again, bare assertions that do not plausibly allege actual damage from the access of Plaintiff's CTM account. *Iqbal*, 556 U.S at 678.

Plaintiff's Stored Communications Act is dismissed.

**WHEREFORE**, for the foregoing reasons, it is

7

**ORDERED** that "Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 23) is **GRANTED**.  Plaintiff's claims against Defendant Peacock are dismissed with prejudice for failure to state a claim upon which relief can be granted.

Dated this 27th day of August, 2020.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge