IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–03559–KMT

BRYAN SEALE,

    Plaintiff,

v.

GARY PEACOCK,
JOHN DOE and/or JANE DOE, whose true name(s) are unknown,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Forthwith Motion to Amend Complaint with Respect to Claims Against Unknown Defendnats [sic] Pursuant to Fed. R. Civ. P. 15(a)(2)" (Doc. No. 50 [Mot.], filed November 23, 2020). Defendant Peacock filed his response in opposition (Doc. No. 52 [Resp.], filed November 24, 2020), and Plaintiff replied (Doc. No. 53 [Reply], filed November 25, 2020).

## BACKGROUND

Plaintiff filed his Complaint on November 6, 2019, in the District Court for El Paso County, Colorado. (Doc. No. 7 [Compl.].) Defendant Gary Peacock removed the case to this Court on December 16, 2019, asserting jurisdiction on the basis upon diversity pursuant to 28 U.S.C. § 1332. (Doc. No. 1.) On January 9, 2020, Plaintiff filed an Amended Complaint. (Doc. No. 19 [Am. Compl.].) This court held a Scheduling Conference on February 25, 2020 (*see* Doc.

Nos. 35 & 36), in which it set the deadline of March 20, 2020, for amendment of pleadings (Doc. No. 36 at 7). Plaintiff did not seek or receive an extension of this deadline.

In his Amended Complaint, Plaintiff asserted three claims against Defendant Peacock, including Statutory Civil Theft (*id.* at 5), Violation of 18 U.S.C. § 2701, Stored Communications Act (*id.* at 15), and Invasion of Privacy by Appropriation of Name or Likeness (*id.* at 16). This court dismissed with prejudice Plaintiff's claims against Defendant Peacock on August 27, 2020. (Doc. No. 42 [Order] at 8.)

The court did not dismiss Plaintiff's claims against the Doe Defendants at that time. Rather, the court granted Plaintiff three extensions of time to identify and serve the Doe Defendants. (*See* Doc. Nos. 29, 34, 39, 40, 48, 49.) The most recent order allowed Plaintiff an extension to and including November 30, 2020, to identify and serve the unknown defendants, advised Plaintiff that if he failed to serve the unknown defendants by that date the court would dismiss the claims against the unknown defendants without prejudice pursuant to Fed. R. Civ. P. 4(m), and advised Plaintiff that no further extensions of this deadline would be granted. (Doc. No. 49.)

On November 23, 2020, Plaintiff filed the present Motion to Amend his complaint "with respect to his claims against unknown defendants." (Mot. at 1.) Plaintiff seeks to amend his previous complaint in its entirety and assert sixteen new claims against only the previously-dismissed defendant, Gary Peacock. (*See* Mot., Attachs. 1.)

## STANDARDS OF REVIEW

Under Tenth Circuit law, courts employ a two-step analysis in determining whether to allow a party to amend the pleadings after the deadline established by the Scheduling Order has

passed. *See generally Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (discussing the two-step analysis under Federal Rules of Civil Procedure, Rules 16 and 15, when a party seeks leave to amend a pleading after the relevant Scheduling Order deadline has passed). First, the court considers whether the moving party demonstrates good cause pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014). If the moving party can demonstrate good cause, the court then weighs whether the amendment should be allowed pursuant to Rule 15(a). *Id.*

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch*, 771 F.3d at 1240 (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). This burden is satisfied, for example, when a party learns of new information in a deposition or if the governing law has changed. *Id.* "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may refuse leave to amend upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Whether to allow amendment is within the trial court's discretion. *Burks v. Oklahoma Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996). However, if Plaintiff fails

to show good cause under Rule 16(b)(4), there is no need for the court to move on to the second step of the analysis, i.e., whether Plaintiff has satisfied the requirements of Rule 15(a). *Carbajal v. St. Anthony Cent. Hosp.*, No. 12–CV–02257–REB–KLM, 2015 WL 1499864, at \*3 (D. Colo. Mar. 27, 2015) (citing *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10–cv–00816–REB–KMT, 2011 WL 1465586, at \*3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL 1464588 (Apr. 18, 2011)).

## ANALYSIS

### A.    *Fed. R. Civ. P. 16(b)(4)*

In his Motion to Amend, Plaintiff's only justification for his late amendment of the complaint is that he has "recently obtained additional factual information which, together with information previously obtained, forms the basis for naming an individual defendant in place of the unknown defendant(s)." (Mot. at 2.) In his Third Amended Complaint, Plaintiff alleges that

> 12) Recently, Plaintiff was reviewing some photographs on his computer and discovered a photograph of Mr. Peacock taking a photograph of himself in a mirror using his mobile phone. A copy of that photograph is attached hereto as Exhibit D.
> 13) Additionally, Plaintiff recently discovered a photograph of his tablet, which was sitting on top of his planner. When the photograph was taken, the tablet contained a view of Plaintiff's profile from the Manhunt website, which profile included a depiction [of] the explicit photograph that was included in the First Letter and the Second Letter. A copy of that photograph is attached hereto as Exhibit E.

(Mot., Attach. 1 at 20. ¶¶ 12-13.) In his Reply, Plaintiff argues that

> 1) a series of anonymous mailings were mailed to various acquaintances of Plaintiff, including but not limited to individuals to whom Plaintiff had business relationships; 2) those mailings contained statements with respect to Plaintiff's dating activity and sexual activity, and included explicit photographs of Plaintiff as well as a screenshot of his dating profile from a dating website entitled Manhunt; 3) as revealed by Exhibits D and E to the Complaint, Defendant Gary

4

> Peacock was in possession of an explicit photograph which was included in the mailings, as he took a picture of that photograph with his phone.

(Reply at 2.)

Plaintiff's Motion to Amend does not address Rule 16(b)(4) or the good cause standard. Moreover, the proposed Third Amended Complaint and the briefing are devoid of any specific explanation of when Plaintiff reviewed his computer and tablet to discover the photographs which now form the basis for his Motion to Amend. "A party does not demonstrate good cause to modify a scheduling order to accommodate an otherwise untimely motion to amend by simply pointing to information learned after that deadline. Rather, the party must also show it acted diligently in moving to amend once it learned of this new information." *Farr v. Jackson Nat'l Life Ins. Co.*, No. 19–4095–SAC–ADM, 2020 WL 5118068, at *1 (D. Kan. Aug. 31, 2020). Plaintiff's explanation that he "recently obtained information" is insufficient to show diligent efforts or good cause, especially where the photographs were in his possession since the inception of the case.

Plaintiff also argues that, in his Third Amended Complaint, he alleges "Plaintiff's CTM account was accessed from Liberty Toyota on Woodmen Road in Colorado Springs on a day at which it has been confirmed that Mr. Peacock was present at that location" and that and "solid evidence [exists] establishing that Mr. Peacock obtained unauthorized access to the very photograph that was contained in the anonymous mailings at issue in this case." (Resp. at 3.) In the First Amended Complaint, which was the operative complaint at the time the court dismissed the claims against Defendant Peacock with prejudice, Plaintiff alleged the following:

> Furthermore, Plaintiff was able to learn that: i) on at least one instance on or about December 13, 2018, his CTM account was accessed via an IP address which belongs to Liberty Toyota on Woodmen Road in Colorado Springs, Colorado, at a

5

> time when, upon information and belief, Mr. Peacock would have been at that business for service on a vehicle, and ii) on another instance on or about December 17, 2018, his CTM account was accessed via an IP address which belongs to Mr. Peacock's then current employer, which is a real estate business.

(Am. Compl. at 3, ¶ 11.) In his proposed Third Amended Complaint, Plaintiff alleges,

> By way of a subpoena to produce documents served upon Liberty Toyota on Woodmen Road in Colorado Springs, CO, and an expert report provided to Plaintiff by Iuvare Cyber, Plaintiff has discovered that on December 13, 2018, his CTM account was accessed from an IP address which is registered to that business and that Mr. Peacock was present at that business on that day. A copy of the material responsive to that subpoena is attached hereto as Exhibit F and a copy of Iuvare Cyber's expert report is attached hereto as Exhibit G.

(Doc. No. 50-1 at 21, ¶ 20.) The Subpoenas to Larry H. Miller of Colorado Springs, referenced as Exhibit F to Plaintiff's proposed Third Amended Complaint, are dated April 1, 2020. (*Id.* at 50–57.) The letter in response to the subpoenas from Larry H. Miller to Plaintiff's counsel is dated April 16, 2020, and was sent by email. (*Id.* at 48–49.) The Expert Witness Report referenced as Exhibit G to Plaintiff's proposed Third Amended Complaint is dated May 26, 2020. (*Id.* at 58–73.) Plaintiff did not seek to amend his complaint to clarify his previously-dismissed claims against Defendant Peacock until September 24, 2020—more than five months after he received a response to the Subpoenas and four months after he received the Expert Witness Report.[1] And Plaintiff did not seek to amend his complaint to assert new claims against Defendant Peacock until November 23, 2020—more than seven months after he received a response to the Subpoenas and six months after he received the Expert Witness Report. Plaintiff's Motion to Amend fails to provide any basis for seeking to amend his complaint months after receiving the information upon which his Motion to Amend relies.

---

[1] The court denied this motion as moot based on the later-filed motion to file a Third Amended Complaint. (*See* Doc. No. 54.)

The court finds Plaintiff fails to establish excusable neglect and good cause to support his Motion to Amend after expiration of the amendment deadline. Accordingly, Plaintiff's Motion to Amend is denied.

### B.  *Claims Against John Doe and/or Jane Doe Defendants*

It appears that, based on the proposed Third Amended Complaint, Plaintiff is abandoning his claims against the John Doe and/or Jane Doe Defendants. However, to the extent Plaintiff does not intend to abandon the claims, the claims are now dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and this court's previous order. (*See* Doc. No. 49.)

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED** that "Plaintiff's Forthwith Motion to Amend Complaint with Respect to Claims Against Unknown Defendnats [sic] Pursuant to Fed. R. Civ. P. 15(a)(2)" (Doc. No. 50) is **DENIED**. Pursuant to this court's Order dated August 27, 2020, the claims against Defendant Peacock are **DISMISSED** with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Doc. No. 42.) It is further

**ORDERED** that the claims against the John Doe and/or Jane Doe Defendants are dismissed without prejudice, pursuant to Fed. R. Civ. P. 4(m). It is further

**ORDERED** that judgment shall enter in favor of the defendants and against the plaintiff on all claims for relief and causes of action asserted in this case. It is further

**ORDERED** that the defendants are awarded their costs to be taxed by the Clerk of Court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. It is further

**ORDERED** that this case is **CLOSED**.

Dated this 11th day of March, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

8